**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | No. 20-35490 |
| Plaintiff-Appellee, | D.C. No. 4:18-cv-00087-BMM |
| v. | MEMORANDUM* |
| J. BURNS BROWN OPERATING CO., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 14, 2021**
Seattle, Washington

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

J. Burns Brown Operating Co. appeals the district court's grant of summary

judgment in BITCO General Insurance Corporation's favor. At issue is whether

the umbrella insurance policy J. Burns purchased from BITCO covers pollution

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

costs that J. Burns incurred after one of its wells discharged oil and related contaminants into a reservoir. The district court held that the policy bars coverage. We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 844 (9th Cir. 2020), we affirm.[1]

The umbrella policy excludes coverage for pollution-caused property damage, with one exception: The exclusion does not apply if J. Burns possesses "underlying insurance" for pollution costs "at the limits shown in the schedule of underlying insurance." That schedule, in turn, lists a $1 million each-occurrence limit on J. Burns's primary policy, but the primary policy provides only $100,000 in pollution coverage. So while J. Burns's "underlying insurance" does cover some of the company's cleanup costs, it does not do so at the requisite limits. Accordingly, the narrow exception to the pollution exclusion does not apply, and the umbrella policy bars coverage. *See Performance Mach. Co. v. Yellowstone Mountain Club, LLC*, 169 P.3d 394, 403 (Mont. 2007) ("Where the language of a contract is unambiguous, the duty of the court is to apply [it] as written.").

J. Burns concedes that this view is reasonable but argues that the policy is ambiguous. We disagree. Contrary to the company's contention, a reasonable policyholder would understand the need to have $1 million in pollution coverage.

---

[1] We grant J. Burns's request for judicial notice. *See* Fed. R. Evid. 201(d).

The language about the primary policy's limits applying "whether or not such is collectible" means only that the umbrella policy will not drop down if J. Burns recovers less than the primary policy's $1 million limit, which comports with the way umbrella policies typically work. *See* 15 Couch on Ins. § 220:34 (3d ed. 2020). This language cannot reasonably be read as negating the requirement that J. Burns have a certain level of pollution coverage. If that were the case, the exception would always apply, and the exclusion would be superfluous. *See Mont. Petro. Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 957 (Mont. 2008) (stressing that, "if possible," courts must reconcile a policy's "various parts to give each meaning and effect" (internal quotation marks and citation omitted)).

J. Burns's remaining arguments are likewise unavailing. Although a "follow form" policy typically provides the same coverage as an underlying one, the term carries little weight here. It appears only in the exclusion's title, and a reasonable policyholder would not construe "POLLUTION EXCLUSION–FOLLOW FORM" as *providing* pollution coverage based solely on the latter two words. Finally, because the exclusion is unambiguous, we reject J. Burns's argument that, as an oil-and-gas company, it could reasonably expect BITCO, an oil-and-gas insurer, to cover its pollution costs. *See id.* at 958 ("[A] policyholder's expectations which are contrary to a clear exclusion from coverage are not objectively reasonable." (internal quotation marks and citation omitted)).

3

**AFFIRMED.**